**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN WALLICK<br>1239 Whittier Ave.<br>Bensalem, PA 19020<br><br>Plaintiff,<br>v.<br><br>TRUCKSMART, INC. *d/b/a*<br>TRUCKSMART<br>905 Lincoln Highway<br>Morrisville, PA 19067<br>and<br>TRUCKSMART, INC. *d/b/a*<br>TRUCK SMART ISUZU<br>905 Lincoln Highway<br>Morrisville, PA 19067<br>and<br>TRUCKSMART SERVICE, INC.<br>905 Lincoln Highway<br>Morrisville, PA 19067<br>and<br>RICHARD MCLAUGHLIN, MATT MCLAUGHLIN, and CHRIS MCLAUGHLIN<br>905 Lincoln Highway<br>Morrisville, PA 19067<br><br>Defendants. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, John Wallick (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Trucksmart, Inc. *d/b/a* Trucksmart, Trucksmart, Inc. *d/b/a* Truck Smart Isuzu, Trucksmart Service, Inc., Richard McLaughlin, Matt McLaughlin, and Chris McLaughlin (*hereinafter* collectively referred to as

"Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Pennsylvania Human Relations Act ("PHRA"),[1] and Pennsylvania common law. Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Upon information and belief, Trucksmart, Inc. *d/b/a* Trucksmart, Trucksmart, Inc. *d/b/a* Truck Smart Isuzu, and Trucksmart Service, Inc. (*hereinafter* "Defendant Entities") are automotive dealerships owned and operated by the same group of individuals.

9. Upon information and belief, Richard McLaughlin, Matt McLaughlin, and Chris McLaughlin (*hereinafter* collectively referred to as "Defendant Owners/Management") own and operate Defendant Entities and are high-level managers and decision makers concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entities, including but not limited to overall hiring, firing, discipline, compensation, and other business operations (among other duties).

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was employed with Defendants as a Sales Manager, from in or about February of 2017 until his unlawful termination (discussed further *infra*) on or about January 7, 2020, working out of Defendants' Truck Smart Isuzu dealership located at 905 Lincoln Highway, Morrisville, Pennsylvania location.

14. Plaintiff was supervised by Defendant Owners/Management, Richard McLaughlin (*hereinafter* individually "Defendant RM") and his sons, General Manager, Matt McLaughlin (*hereinafter* individually "Defendant MM") and Chris McLaughlin (*hereinafter* individually "Defendant CM"). Plaintiff reported to and was overseen by all of the aforesaid members of management.

15. Throughout his tenure with Defendants, Plaintiff was a hard-working employee who performed his job well.

16. Plaintiff had and continues to suffer from several disabilities, including but not limited to chronic obstructive pulmonary disease ("COPD") and anxiety (and other complications).

17. As a result of his aforesaid disabilities, Plaintiff suffers from breathing issues, fatigue, and sleeplessness, which (at times) limits his ability to perform some daily life activities, including but not limited to sleeping, breathing without difficulty, and working (among other daily life activities).

18. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

19. For example, beginning in or about the Summer of 2019, Plaintiff requested from Defendants' owners/management a very brief 10-day medical leave as well as intermittent time off during the next several months for doctor's appointments, diagnostic testing, and treatment.

20. However, shortly after informing Defendants' owners/management of his health conditions and requests for accommodations, he experienced blatant discrimination and retaliation from Defendants' owners/management. By way of example, but not intended to be an exhaustive list, Defendants' owners/management:

a. Berated and discouraged Plaintiff from taking any time off for doctor's appointments and treatment despite the fact that he always provided doctor's notes for same;

b. Treated Plaintiff in a hostile and demeaning manner;

c. Criticized and scrutinized Plaintiff's work;

d. Accused Plaintiff of being addicted to drugs – stating that the symptoms from COPD were actually caused from drug abuse (which was patently false as Plaintiff was only taking medications prescribed by his physician for his aforesaid serious health conditions); and

e. Threatened Plaintiff that if he continued to take time off for his health conditions, he would be terminated.

21. On or about January 6, 2020, Plaintiff had difficulty breathing and texted Defendant MM that he needed the day off from work as he was heading to the ER. Plaintiff's wife texted Defendants' Office Manager, Janice McLaughlin (*hereinafter* "JM") as well, stating that Plaintiff would also be out the following day, to care for and treat his aforesaid serious health conditions.

22. At the hospital, on or about January 6, 2020, Plaintiff was given steroids, two breathing treatments and informed that he had a respiratory infection that was dangerously exacerbating his COPD. He was also advised that he needed to follow-up with his primary physician.

23. Despite the fact that Plaintiff and his wife both texted members of Defendants' owners/management about the status of his aforesaid serious health conditions, no one from Defendants' owners/management responded to their texts. Instead, on or about January 7, 2020, while home from work to care for and treat his health conditions, Defendants RM and MM showed up at Plaintiff's front door and abruptly terminated him. Defendant's RM and MM stated to Plaintiff only that "this is not working out," requested Plaintiff's keys to the company vehicle, and left.

24. Prior to his termination, Defendants failed to accommodate Plaintiff by (1) failing to engage in the interactive process as required under the ADA and (2) failing to keep Plaintiff's job open during his very brief 2-day medical leave of absence.

25. Plaintiff believes and therefore avers that he was subjected to a hostile work environment because of (1) his known and/or perceived disabilities; (2) his record of impairment; and (3) his requested accommodations.

26. Plaintiff also believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants' failure to properly accommodate Plaintiff.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**
**-Against Defendant Entities Only-**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not sleeping, breathing without difficulty, and working (among other daily life activities).

29. Plaintiff kept Defendant Entities' owners/management informed of his serious health conditions and need for medical treatment throughout his tenure with Defendant Entities.

30. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant Entities; however, Plaintiff did require reasonable medical accommodations at times.

31. Plaintiff requested reasonable accommodations from Defendant Entities, including but not limited to intermittent and/or block time off for doctor's appointments and to care for and treat he aforesaid serious health conditions.

32. Plaintiff was terminated from Defendants Entities just **one day after** requesting and/or while utilizing reasonable medical accommodations.

33. Upon Plaintiff's information and belief, Defendant Entities failed to accommodate Plaintiff by (1) failing to engage in the interactive process as required under the ADA and (2) failing to keep Plaintiff's job open during his very brief 2-day medical leave of absence.

34. Plaintiff believes and therefore avers that he was subjected to a hostile work environment by Defendant Entities due to (1) his known and/or perceived disabilities; (2) his

record of impairment; and (3) in retaliation for his requested accommodations through disparate treatment, demeaning and/or discriminatory treatment toward him.

35. Plaintiff believes and therefore avers that he was terminated by Defendant Entities due to (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants' failure to properly accommodate Plaintiff.

36. These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>**
**(Post-Termination Retaliation)**
**-Against Defendant Entities Only-**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Following his termination from Defendant Entities, Plaintiff gained subsequent employment from another used car dealership, Burns Auto Group.

39. In or about February of 2020, Plaintiff filed a formal charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") for claims of disability discrimination, retaliation and failure to accommodate (set forth in detail *supra*).

40. Less than two months following the start of his employment with Burns Auto Group, Plaintiff was informed by his new boss, Paul Burns (*hereinafter* "Burns") that he had received several emails and documents from an unidentifiable email informing Burns that Plaintiff was a horrible employee, was dishonest and broke the law, and was allegedly disparaging Burns. The allegations against Plaintiff to his new employer, included but are not limited to the following patently false and egregious statements regarding Plaintiff:

a. Plaintiff "stole your financial records in order to sue you for underpaying your mangers and salespeople;"

b. Plaintiff has stated to others that "[Burns] and his wife are getting divorced" and "have cheated on each other"; "[Burns'] wife is an alcoholic"; "[Burns is stupid to the point of illiteracy"; "[Burns] cheats all of his employees out of money"; and "All of [Burns'] employees drink and/or use drugs while working and on the clock"; and

c. The author of the email further stated that "People have claimed that John Wallick is getting kickbacks from the vendors that [Burns] uses by agreeing to inflate the invoices and then take his cut."

41. Upon Plaintiff's information and belief, the aforesaid patently false and disparaging emails, comments, and documents were written by Defendant MM, as Plaintiff recognized the style of writing and vitriol. Moreover, shortly after Burns received the above emails from the unidentifiable email, Defendant MM showed up at Burns Auto Center in the back lot, and when questioned by Burns as to why he was there, Defendant MM asked Burns if Plaintiff was "still pumping [Burns] for information about how Defendants run their business or had he [Burns] fired Plaintiff yet." In response, Burns ended the call, and Defendant MM left the premises.

42. Upon Plaintiff's information and belief, Defendants, including but not limited to Defendant MM, authored, condoned and/or provided the aforesaid false and disparaging emails and documents to Plaintiff's subsequent employer in an intentional effort to retaliate against Plaintiff and to encourage Burns to terminate him.

43. Post-employment retaliation of this sort is prohibited. *See*, *e.g.*, *Smith v. St. Louis University*, 109 F.3d 1261, 1266 (8th Cir. 1997) (negative references causing potential employers to decline to hire plaintiff constitute actionable retaliation); *Ruedlinger v. Jarrett,* 106 F.3d 212, 214 (7th Cir. 1997) (providing information to subsequent employer that caused it to fire plaintiff

constitutes retaliation that "impinges on her 'future employment prospects or otherwise has a nexus to employment'") (quoting *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996)); *Passer v. American Chemical Society*, 290 U.S. App. D.C. 156, 935 F.2d 322, 331 (D.C. Cir. 1991) (under parallel provision of the ADEA, holding that defendant's retaliatory cancellation of a seminar planned in honor of plaintiff gave rise to retaliation claim because the cancellation humiliated plaintiff in the eyes of his peers "and made it more difficult for him to procure future employment"); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1532 (11th Cir. 1990) (retaliation claim proper where plaintiff's former employer persuaded plaintiff's new employer to fire him); *and see Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 n.15 (3d Cir. 1997) (same).

**COUNT III**
**<u>Defamation – Libel/Slander</u>**
**(State Law/Common Law)**
**-Against All Defendants-**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Some or all of the false and damaging statements referenced in Count II were made specifically about Plaintiff and mentioned him by name.

46. Upon Plaintiff's information and belief, the statements referenced in Count II were made by Defendants, including but not limited to Defendant MM, and are defamatory as a matter of law.

47. The statements referenced in Count II falsely accuse Plaintiff of committing one or more criminal acts and/or falsely impugn his fitness for his current position.

48. Defendants knew the statements were false.

49. Defendants recklessly disregarded the falsity of the statements referenced in Count II.

50. Defendants published the false and defamatory statements to at least Paul Barnes.

51. Defendants' conduct shows actual malice on their part.

52. Plaintiff has suffered damages as a direct and proximate result of those statements.

53. As a result of Defendants reckless, deliberate, willful and wanton tortious actions, Plaintiff was subjected to both public and private ridicule, shame, and humiliation, damages, and great mental anguish that he will continue to endure for an indefinite time in the future, all to his great detriment and loss.

**COUNT IV**
**Tortious Interference with Present and/or Prospective Contractual Relations**
**(State Law/Common Law)**
**-Against All Defendants-**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Following Plaintiff's separation from employment with Defendants, upon Plaintiff's information and belief, Defendants have provided false information and statements (as set forth in Count II) to Paul Burns and Burns Auto Group, with the intention of preventing Plaintiff from maintaining and/or entering into contractual relationships with potential car sales dealerships, including but not limited to Paul Burns and Burns Auto Group.

56. Defendants had no justification or privilege that allowed them to interfere with Plaintiff's contractual relationships, or to the extent Defendants may have had a conditional privilege, Defendants abused that privilege.

57. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff's contracts/prospective contracts with potential employers, including Paul Burns and Burns Auto

Group, were compromised and/or have suffered resulting in emotional distress, harm to his reputation, deprivation of the right to achieve a livelihood, and other consequential losses.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for the consequential damage caused to his reputation, as well as any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 25, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

John Wallick : CIVIL ACTION
v. :
Trucksmart, Inc. d/b/a Truckmart, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/25/2020 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1239 Whittier Avenue, Bensalem, PA 19020

Address of Defendant: 905 Lincoln Hwy, Morrisville, PA 19067

Place of Accident, Incident or Transaction: Defendants place of business

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/2020 ______________ ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/25/2020 ______________ ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| WALLICK, JOHN | TUCKSMART, INC. D/B/A TRUCKSMART, ET AL. |
| **(b)** County of Residence of First Listed Plaintiff Bucks<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Bucks<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101)

Brief description of cause:
Violations of ADA,PA Human Relations Act and PA Common Law.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE 9/25/2020 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print Save As... Reset